**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Michael S. Fox, Esq.
Jordanna L. Nadritch, Esq.
212.451.2300

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JENNIFER CONVERTIBLES, INC.,<br><br>Debtors.<br><br>Tax I.D. No. (11-2824646) | **Chapter 11**<br><br>**Case No. 10-13779 (ALG)** |
| In re<br><br>JENNIFER CONVERTIBLES BOYLSTON MA, INC.,<br><br>Debtor.<br><br>Tax I.D. No. (04-3277904) | **Chapter 11**<br><br>**Case No.10-13780 (ALG)** |
| In re<br><br>JENNIFER CHICAGO LTD.,<br><br>Debtor.<br><br>Tax I.D. No. (36-3780505) | **Chapter 11**<br><br>**Case No. 10-13781 (ALG)** |

| | |
|---|---|
| In re<br><br>ELEGANT LIVING MANAGEMENT, LTD.,<br><br>Debtor.<br><br>Tax I.D. No. (51-0345049) | **Chapter 11**<br><br>**Case No.10-13782 (ALG)** |
| In re<br><br>HARTSDALE CONVERTIBLES, INC.,<br><br>Debtor.<br><br>Tax I.D. No. (13-3251681) | **Chapter 11**<br><br>**Case No. 10-13783 (ALG)** |
| In re<br><br>JENNIFER MANAGEMENT III CORP.,<br><br>Debtor.<br><br>Tax I.D. No. (52-1783552) | **Chapter 11**<br><br>**Case No. 10- 13784 (ALG)** |
| In re<br><br>JENNIFER PURCHASING CORP.,<br><br>Debtor.<br><br>Tax I.D. No. (11-3187319) | **Chapter 11**<br><br>**Case No. 10-13785 (ALG)** |
| In re<br><br>JENNIFER MANAGEMENT II CORP.,<br><br>Debtor.<br><br>Tax I.D. No. (51-0339177) | **Chapter 11**<br><br>**Case No. 10- 13786 (ALG)** |

| | |
|---|---|
| In re<br><br>JENNIFER MANAGEMENT V LTD.,<br><br>　　　　　　Debtor.<br><br>Tax I.D. No. (51-0349876) | **Chapter 11**<br><br>**Case No. 10-13787 (ALG)** |
| In re<br><br>JENNIFER CONVERTIBLES NATICK, INC.,<br><br>　　　　　　Debtor.<br><br>Tax I.D. No. (22-3422227) | **Chapter 11**<br><br>**Case No. 10-13788 (ALG)** |
| In re<br><br>NICOLE CONVERTIBLES, INC.,<br><br>　　　　　　Debtor.<br><br>Tax I.D. No. (11-2655985) | **Chapter 11**<br><br>**Case No. 10-13789 (ALG)** |
| In re<br><br>WASHINGTON HEIGHTS CONVERTIBLES, INC.,<br><br>　　　　　　Debtor.<br><br>Tax I.D. No. (11-3490783) | **Chapter 11**<br><br>**Case No. 10-13790 (ALG)** |

**DEBTORS' MOTION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO
<u>RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

　　　　　Jennifer Convertibles, Inc. ("Jennifer Convertibles"), and its affiliated debtors,

Jennifer Convertibles Boylston MA, Inc., Jennifer Chicago Ltd., Elegant Living Management,

Ltd., Hartsdale Convertibles, Inc., Jennifer Management III Corp., Jennifer Purchasing Corp., Jennifer Management II Corp., Jennifer Management V Ltd., Jennifer Convertibles Natick, Inc., Nicole Convertibles, Inc., Washington Heights Convertibles, Inc., as debtors in possession (together, the "Debtors"), file this Motion (the "Motion") for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully state as follows:

## Background

1. On July 18, 2010 (the "Petition Date"), each of the Debtors commenced with the Bankruptcy Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases.

2. Jennifer Convertibles, Inc. was organized as a Delaware corporation in 1986, and is currently the owner of (i) the largest group of sofabed specialty retail stores and leather specialty retail stores in the United States, with stores located throughout the Eastern seaboard, Midwest, West Coast and Southwest, and (ii) seven big box, full-line furniture stores operated under the Ashley Furniture HomeStore brand (the "Ashley Stores") under a license from Ashley Furniture Industries, Inc.

3. In order to generate sales, the Debtors rely on aggressive pricing, the attractive image of its stores, extensive advertising and prompt delivery. Operations are classified into two operating segments organized by retail concept: Jennifer and Ashley. The Jennifer segment operates the sofabed specialty retail store concept. The Ashley segment is the

4

big box, full line home furniture retail store concept. There are no inter-company sales between segments. The Ashley segment is highly profitable due to its unique sourcing model, whereby once most sales are executed, Ashley's supplier manages the supply chain process. Under the Ashley sourcing model, the Debtors need for warehouse inventory is reduced, thereby limiting working capital needs and infrastructure requirements. The Debtors' two operating segments enable the Debtors to more effectively offer diverse home furnishings and accessories and expand to a broader consumer base.

4. As of the Petition Date, the Debtors' stores include 130 stores operated by the Jennifer segment. During fiscal 2007, the Debtors opened their first Ashley Store. As of the Petition Date, the Debtors operate seven Ashley Stores.

5. As of the Petition Date, the Debtors employ 497 people. There are 336 employees in the Jennifer segment, 114 employees in the Ashley segment and 47 corporate employees. None of the employees are represented by a collective bargaining unit.

6. For the fiscal year ended August 29, 2009, the Debtors' consolidated financial statements showed revenues from continuing operations of approximately $94,177,000, compared with $120,131,000 for the fiscal year ended August 30, 2008, and $132,683,000 for the fiscal year ended August 25, 2007. For the thirty-nine weeks ended May 29, 2010, revenues from continuing operations were approximately $70,036,000, with $56,144,000 coming from the Jennifer segment stores, and $13,892,000 from the Ashley segment stores.

7. Net sales from continuing operations were $88,845,000 and $113,073,000 for the fiscal years ended August 29, 2009 and August 30, 2008, respectively. Net sales from continuing operations decreased by 21.4%, or $24,228,000 for the fiscal year ended August 29, 2009 compared to the fiscal year ended August 30, 2008. The decrease in net sales is

attributable to a decline in overall demand within the furniture industry sector due to a poor housing market and an overall weak U.S. economy. Consolidated same store sales from continuing operations (sales at those stores open for the entire current and prior comparable periods) decreased 19.6% for the thirteen weeks ended May 29, 2010, compared to the same period ended May 30, 2009.

8. Specifically, in the Ashley segment, net sales from continuing operations were $5,106,000 and $3,363,000 for the thirteen-week periods ended May 29, 2010 and May 30, 2009, respectively. Net sales from continuing operations increased by 51.8%, or $1,743,000 for the thirteen-week period ended May 29, 2010 compared to the thirteen-week period ended May 30, 2009. The increase is largely attributable to four new Ashley locations open during the thirteen-week period ended May 29, 2010, that were not open during the same thirteen week period last year.

9. In the Jennifer segment, net sales from continuing operations were $16,375,000 and $16,987,000 for the thirteen-week periods ended May 29, 2010 and May 30, 2009, respectively. Net sales from continuing operations decreased by 3.6%, or $612,000 for the thirteen-week period ended May 29, 2010 compared to the thirteen-week period ended May 30, 2009. The decrease is attributable to the decline in overall demand within the furniture industry sector due to the prevailing conditions of the U.S. economy, the current housing market, store closings, and delays in receipt of merchandise from the Debtors' Chinese supplier, all as discussed in greater detail in the other first day motions, filed concurrently herewith.

10. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in additional detail in the Declaration of Rami Abada in Support of

First Day Motions (the "Abada Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

## Jurisdiction

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicates for the relief requested herein is Bankruptcy Rule 1015(b).

## Relief Requested

13. By this Motion, the Debtors request the entry of an order substantially in the form attached hereto as Exhibit A directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors also request that the caption of their chapter 11 case be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JENNIFER CONVERTIBLES, INC.,[1] | Case No. 10-13779 (ALG) |
| Debtors. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: (i) Jennifer Convertibles, Inc. (4646); (ii) Jennifer Convertibles

Boylston MA, Inc. (7904); (iii) Jennifer Chicago Ltd. (0505); (iv) Elegant Living Management, Ltd. (5049); (v) Hartsdale Convertibles, Inc. (1681); (vi) Jennifer Management III Corp. (3552); (vii) Jennifer Purchasing Corp. (7319); (viii) Jennifer Management II Corp. (9177); (ix) Jennifer Management V Ltd. (9876); (x) Jennifer Convertibles Natick, Inc. (2227); (xi) Nicole Convertibles, Inc. (5985); (xii) Washington Heights Convertibles, Inc. (0783).

14. In addition, the Debtors request that the Court direct the Clerk to make a notation substantially similar to the following on the docket of each Debtor:

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in case no. 10-13779 (ALG) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:

Jennifer Convertibles, Inc., Case No. 10-13779 (ALG); Jennifer Convertibles Boylston MA, Inc., Case No. 10-13780 (ALG); Jennifer Chicago Ltd., Case No. 10-13781 (ALG); Elegant Living Management, Ltd., Case No. 10-13782 (ALG); Hartsdale Convertibles, Inc., Case No. 10-13783 (ALG); Jennifer Management III Corp., Case No. 10- 13784 (ALG); Jennifer Purchasing Corp., Case No. 10-13785 (ALG); Jennifer Management II Corp., Case No. 10- 13786 (ALG); Jennifer Management V Ltd., Case No. 10-13787 (ALG); Jennifer Convertibles Natick, Inc., Case No. 10-13788 (ALG); Nicole Convertibles, Inc., Case No. 10-13789 (ALG); Washington Heights Convertibles, Inc., Case No. 10-13790 (ALG).

15. Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

**Basis For Relief Requested**

16. Bankruptcy Rule 1015(b) provides, in relevant part, that, "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order' a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to consolidate these cases for procedural purposes.

17. Because joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders, the Debtors and their estates will save substantial time and expense. Further, joint administration will relieve the

8

Court of entering duplicative orders and maintaining duplicative tiles and dockets. The United States Trustee for the Southern District of New York (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration of these chapter 11 cases by sparing them the time and effort of reviewing duplicative pleadings and papers.

18. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates. This Motion does not seek substantive consolidation. As such, each creditor may still file its claim against a particular estate.

19. Moreover, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect all of the Debtors. With twelve affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper. Joint administration of these cases will allow the Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

20. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 13 of this Motion.

962383-5

21. Relief similar to the relief requested herein has routinely been granted in large cases in this district. *See, e.g.*, *In re Dana Corp., et al.,* Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. 2006); *In re Calpine Corp., et al.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. 2005); *In re Delta Air Lines, Inc., et al.*, Case No. 05-17923 (ASH) (Bankr. S.D.N.Y. 2005); *In re Northwest Airlines Corp., et al.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. 2005).

22. Based on the foregoing, the Debtors submit that the relief requested is necessary, appropriate and in the best interests of their estates and creditors and that the Motion should be granted in all respects.

**Notice**

23. No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (i) Office of the United States Trustee for the Southern District of New York; (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estate (on a consolidated basis); (iii) counsel to Haining Mengnu Group Co. Ltd.; (iv) the SEC; (v) the IRS; (vi) all taxing authorities in relevant jurisdictions; (vii) all attorneys general in relevant jurisdictions; and (viii) any other party directly affected by this Motion. The Debtors submit that such notice is sufficient under the circumstances.

**No Previous Request**

24. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
July 19, 2010

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: /s Michael S. Fox
Michael S. Fox
Jordanna L. Nadritch
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

*Proposed Attorneys for the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JENNIFER CONVERTIBLES, INC.,<br><br>        Debtors.<br><br>Tax I.D. No. (11-2824646) | **Chapter 11**<br><br>**Case No. 10-13779 (ALG)** |
| In re<br><br>JENNIFER CONVERTIBLES BOYLSTON MA, INC.,<br><br>        Debtor.<br><br>Tax I.D. No. (04-3277904) | **Chapter 11**<br><br>**Case No. 10-13780 (ALG)** |
| In re<br><br>JENNIFER CHICAGO LTD.,<br><br>        Debtor.<br><br>Tax I.D. No. (36-3780505) | **Chapter 11**<br><br>**Case No. 10-13781 (ALG)** |
| In re<br><br>ELEGANT LIVING MANAGEMENT, LTD.,<br><br>        Debtor.<br><br>Tax I.D. No. (51-0345049) | **Chapter 11**<br><br>**Case No. 10-13782 (ALG)** |

962383-5

| | |
|---|---|
| In re<br><br>HARTSDALE CONVERTIBLES, INC.,<br><br>        Debtor.<br><br>Tax I.D. No. (13-3251681) | **Chapter 11**<br><br>**Case No. 10-13783 (ALG)** |
| In re<br><br>JENNIFER MANAGEMENT III CORP.,<br><br>        Debtor.<br><br>Tax I.D. No. (52-1783552) | **Chapter 11**<br><br>**Case No. 10- 13784 (ALG)** |
| In re<br><br>JENNIFER PURCHASING CORP.,<br><br>        Debtor.<br><br>Tax I.D. No. (11-3187319) | **Chapter 11**<br><br>**Case No. 10-13785 (ALG)** |
| In re<br><br>JENNIFER MANAGEMENT II CORP.,<br><br>        Debtor.<br><br>Tax I.D. No. (51-0339177) | **Chapter 11**<br><br>**Case No. 10- 13786 (ALG)** |
| In re<br><br>JENNIFER MANAGEMENT V LTD.,<br><br>        Debtor.<br><br>Tax I.D. No. (51-0349876) | **Chapter 11**<br><br>**Case No. 10-13787 (ALG)** |

| | |
|---|---|
| In re<br><br>JENNIFER CONVERTIBLES NATICK, INC.,<br><br>Debtor.<br><br>Tax I.D. No. (22-3422227) | **Chapter 11**<br><br>**Case No. 10-13788 (ALG)** |
| In re<br><br>NICOLE CONVERTIBLES, INC.,<br><br>Debtor.<br><br>Tax I.D. No. (11-2655985) | **Chapter 11**<br><br>**Case No. 10-13789 (ALG)** |
| In re<br><br>WASHINGTON HEIGHTS CONVERTIBLES, INC.,<br><br>Debtor.<br><br>Tax I.D. No. (11-3490783) | **Chapter 11**<br><br>**Case No. 10-13790 (ALG)** |

**ORDER DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the motion, dated July 19, 2010 (the "Motion")[1] of Jennifer Convertibles, Inc. ("Jennifer Convertibles"), and its affiliated debtors, Jennifer Convertibles Boylston MA, Inc., Jennifer Chicago Ltd., Elegant Living Management, Ltd., Hartsdale Convertibles, Inc., Jennifer Management III Corp., Jennifer Purchasing Corp., Jennifer Management II Corp., Jennifer Management V Ltd., Jennifer Convertibles Natick, Inc., Nicole Convertibles, Inc.,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

Washington Heights Convertibles, Inc., as debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon consideration of the Declaration of Rami Abada in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 10-13779 (ALG), in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. Nothing contained in this order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

4. The caption of the jointly administered cases should read as follows:

962383-5

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JENNIFER CONVERTIBLES, INC.,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 10-13779 (ALG) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: (i) Jennifer Convertibles, Inc. (4646); (ii) Jennifer Convertibles Boylston MA, Inc. (7904); (iii) Jennifer Chicago Ltd. (0505); (iv) Elegant Living Management, Ltd. (5049); (v) Hartsdale Convertibles, Inc. (1681); (vi) Jennifer Management III Corp. (3552); (vii) Jennifer Purchasing Corp. (7319); (viii) Jennifer Management II Corp. (9177); (ix) Jennifer Management V Ltd. (9876); (x) Jennifer Convertibles Natick, Inc. (2227); (xi) Nicole Convertibles, Inc. (5985); (xii) Washington Heights Convertibles, Inc. (0783).

      5.      A docket entry shall be made in each of the above-captioned cases substantially as follows:

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in case no. 10-13779 (ALG) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:

Jennifer Convertibles, Inc., Case No. 10-13779 (ALG); Jennifer Convertibles Boylston MA, Inc., Case No. 10-13780 (ALG); Jennifer Chicago Ltd., Case No. 10-13781 (ALG); Elegant Living Management, Ltd., Case No. 10-13782 (ALG); Hartsdale Convertibles, Inc., Case No. 10-13783 (ALG); Jennifer Management III Corp., Case No. 10- 13784 (ALG); Jennifer Purchasing Corp., Case No. 10-13785 (ALG); Jennifer Management II Corp., Case No. 10- 13786 (ALG); Jennifer Management V Ltd., Case No. 10-13787 (ALG); Jennifer Convertibles Natick, Inc., Case No. 10-13788 (ALG); Nicole Convertibles, Inc., Case No. 10-13789 (ALG); Washington Heights Convertibles, Inc., Case No. 10-13790 (ALG).

      6.      This Order and the relief provided herein shall apply to chapter 11 cases filed subsequent to the Petition Date by any and all affiliates, direct and indirect subsidiaries of

Jennifer Convertibles, Inc., as if those subsidiaries had been parties to the Motion and were among the Debtors referred to in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      July __, 2010

UNITED STATES BANKRUPTCY JUDGE