**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Michael S. Fox, Esq.
Andrea Fischer, Esq.
Jordanna L. Nadritch, Esq.
212.451.2300

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JENNIFER CONVERTIBLES, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13779 (ALG)<br><br>(Motion for Joint Administration Pending) |

### ORDER AUTHORIZING RETENTION AND APPOINTMENT OF BMC GROUP, INC. AS CLAIMS AND NOTICING AGENT UNDER 28 U.S.C. § 156(c) AND GRANTING RELATED RELIEF

Upon the annexed application (the "Application") of Jennifer Convertibles, Inc. and its affiliated debtors, Debtors and Debtors in possession (the "Debtor(s)"), for an order authorizing the retention and appointment of BMC Group, Inc. ("Claims Agent") as Claims and Noticing Agent, under 28 U.S.C. § 156(c), to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claims filed in the Debtors' chapter 11 case(s), and (iii) provide such other administrative services that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: (i) Jennifer Convertibles, Inc. (4646); (ii) Jennifer Convertibles Boylston MA, Inc. (7904); (iii) Jennifer Chicago Ltd. (0505); (iv) Elegant Living Management, Ltd. (5049); (v) Hartsdale Convertibles, Inc. (1681); (vi) Jennifer Management III Corp. (3552); (vii) Jennifer Purchasing Corp. (7319); (viii) Jennifer Management II Corp. (9177); (ix) Jennifer Management V Ltd. (9876); (x) Jennifer Convertibles Natick, Inc. (2227); (xi) Nicole Convertibles, Inc. (5985); (xii) Washington Heights Convertibles, Inc. (0783).

Debtor(s) may require, and upon the affidavit of Tinamarie Feil submitted in support of the Application; and the Debtor(s) having estimated that there are in excess of 3000 creditors and other parties in interest in these chapter 11 cases, many of which are expected to file proofs of claims, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors) expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Claims Agent has the capability and experience to provide such services and that Claims Agent does not hold an interest adverse to the Debtor(s) or estates respecting the matters upon which they are to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Claims Agent is in the best interests of the Debtor(s), estates and creditors; and sufficient cause appearing therefor; it is hereby

**ORDERED,** that the Debtor(s) are authorized to retain Claims Agent effective nun pro tunc to the Petition Date to perform the noticing and other services set forth in the Application and to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases; and it is further

**ORDERED,** that Claims Agent is appointed as Claims and Noticing Agent and, as such, is the custodian of court records and designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk; and it is further

Page 2 of 6
1018377-1

**ORDERED,** that Claims Agent is authorized and directed to perform all related tasks to process the proofs of claim and maintain a claims register including:

(a) Notify all potential creditors of the filing of the bankruptcy petitions and of the setting of the date for the first meeting of creditors, pursuant to § 341(a) of the Bankruptcy Code, under the proper provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure;

(b) Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "Schedules"), listing the Debtor(s)' known creditors and the amounts owed thereto;

(c) Notify all potential creditors of the existence and amount of their respective claims as evidenced by the Debtor(s)' books and records and as set forth in the Schedules;

(d) Furnish a notice of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e) Maintain a post office box for the purpose of receiving claims;

(f) File with the Clerk an affidavit or certificate of service which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date mailed, within seven (7) days of service;

(g) Docket all claims received by the clerk's office, maintain the official claims registers (the "Claims Registers") for each Debtor on behalf of the Clerk, and, upon the Clerk's request, provide the Clerk with certified duplicate, unofficial Claims Registers;

1018377-1

(h) Specify, in the applicable Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, and (iv) the classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.);

(i) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(j) Relocate, by messenger, all of the court-filed proofs of claim to the offices of Claims Agent, not less than weekly;

(k) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the claims register for the Clerk's review (upon the Clerk's request);

(l) Make changes in the Claims Registers pursuant to Court Order;

(m) Maintain the official mailing list for each Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk;

(n) Assist with, among other things, solicitation and calculation of votes and distribution as required in furtherance of confirmation of a plan(s) of reorganization;

(o) Thirty (30) days prior to the close of these cases, arrange to have submitted to the Court a proposed Order dismissing the claims and noticing agent and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these cases;

(p) File with the Court the final version of the Claims Register immediately before the close of the chapter 11 cases; and

(q) At the close of the case, box and transport all original documents, in proper format, as provided by the Clerk's Office, to the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064.

**ORDERED,** that the Debtors)are authorized and directed to obtain a post office box for the receipt of proofs of claim; and it is further

**ORDERED,** that Claims Agent is authorized to take such other action to comply with all duties set forth in the application; and it is further

**ORDERED,** that the Debtors)are authorized to compensate Claims Agent on a monthly basis upon the receipt of reasonably detailed invoices setting forth the services provided by Claims Agent in the prior month and the rates charged for each, and to reimburse Claims Agent for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation; and it is further

**ORDERED,** that in the event Claims Agent is unable to provide the services set out in this order; Claims Agent will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorney.

Dated: July 22, 2010
      New York, New York

                                                */s/ Allan L. Gropper*
                                                UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:
Clerk of the United States Bankruptcy Court
for the Southern District of New York

By: _____
      Vito Genna
      One Bowling Green
      New York, New York 10004-1408


NO OBJECTION:
Office of United States Trustee

By: _____
      United States Trustee
      33 Whitehall ST, 21st Floor
      New York, New York 10004